## MARTIN, ET AL. *v.* BOARD OF COUNTY COMMISSIONERS FOR PRINCE GEORGE'S COUNTY, ET AL.

[No. 551, September Term, 1965.]

*Decided January 4, 1967.*

The cause was submitted on the brief to HAMMOND, C. J., and MARBURY, OPPENHEIMER, McWILLIAMS and FINAN, JJ.

Submitted by *Thomas B. Yewell* for appellants.

Submitted by *Lionell M. Lockhart, Harry L. Durity, Joseph S. Casula, Frank M. Kratovil, James J. Lombardi* and *L. David Ritter, Jr.,* for Board of County Commissioners, part of appellees; and by *John B. Kenkel,* for Messer, Ridgeway, Howard, Rease and Beavers, other appellees.

PER CURIAM.

Appellants sought zoning reclassification of some six acres of land in Prince George's County from rural residential to low density apartment use. The County Commissioners, sitting as a District Council, refused to approve the change. Appellants concede "that the evidence before the District Council was fairly debatable" and would have supported the action taken. They contend, however, that the Council did not act on the basis of the facts of record before them and claim, in the language of *Hedin v. Board of Co. Commissioners,* 209 Md. 224, 236, which condemned such a practice, that "the [Council's] action in bas-

ing its decision apparently almost entirely upon the personal opinion of one of its members, without support for that opinion in the evidence, amounted to arbitrary action on the part of the [Council] from which some form of relief may be had * * *."

Appellants support their contention by the statement of the chairman of the Council, who at the conclusion of the testimony made a motion (which the Council adopted) in the following terms:

> "* * * this Board has in the past, together with the Planning Commission, discussed the area—worked it over very carefully—and as Mr. Schoenian, one of the witnesses, pointed out, drew a line beyond which it did not want to see apartments go. That line has already been tested in the Courts and we are still in agreement that this area should be a single-family homes area. Accordingly, I move that this petition be denied in accordance with the recommendation of the Park and Planning Commission."

The Technical Staff of the Commission in a full and reasoned report made the following findings in which the Park and Planning Commission concurred:

1. There is no indication of original error.
2. There has been no change in the character of the area.
3. The requested change would be spot zoning.
4. The change would be inconsistent with the fundamental plans covering the property.

The report and recommendations of the Technical Staff and the Commission were of record before the Council and the motion of the chairman, which was approved—"that the petition be denied in accordance with the recommendation of the Park and Planning Commission"—indicates consideration of evidence before the Council and action taken on the basis of that evidence. Judge Bowie found, properly we think, (a) that the evidence created at least a debatable issue, (b) that the property sought to be rezoned was entirely surrounded by single family dwellings, and (c) that the District Council, on evidence before

it, permissibly had adhered to a perviously determined line between a single family area and an apartment house area.

*Order affirmed, with costs.*